# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1433V
Filed: September 8, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| M.J.P., by her Parents and Natural Guardians, DWAN PETTI and ANTHONY PETTI, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Clifford Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On November 30, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that their daughter, M.J.P., passed out and fell as a result of receiving her February 18, 2015 Hepatitis A and HPV vaccinations, resulting in dental injuries. On July 27, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 28).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 19, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 32). Petitioner requests attorneys' fees in the amount of $17,985.96, attorneys' costs in the amount of $557.36, and petitioner's out-of-pocket costs in the amount of $2,212.00 for a total amount of $20,197.96. *Id.* at 1. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $2,212.00 in out-of-pocket expenses.

On September 6, 2016, respondent filed a response stating respondent has no objection to petitioner's motion. (ECF No. 33).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $20,197.96[3] as follows:**

- **A lump sum of $17,985.96, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Shoemaker, Gentry & Knickelbein; and**

- **A lump sum of $2,212.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.